UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BALRAM R. JERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-1505 |
| | § | |
| FLUOR CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the court is plaintiff Balram Jerry's ("Jerry" or "plaintiff") objections to defendant Fluor Enterprises, Inc.'s ("FEI") bill of costs (Dkt. 106). Having reviewed the bill of costs, the arguments of counsel, and the applicable law, Jerry's objections are SUSTAINED IN PART & OVERRULED IN PART.

I. BACKGROUND

This case was called to a jury trial on June 18, 2012. Dkt. 83. On June 27, 2012, the jury returned a verdict in FEI's favor, and this court entered final judgment on July 10, 2012. Dkts. 98, 104. The Final Judgment stated: "Taxable court costs are assessed in favor of Fluor Enterprises, Inc. and against the plaintiff." Dkt. 104 at 2. On July 16, 2012, FEI submitted a bill of costs, requesting recovery of the following costs from Jerry pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2 of the United States District Court for the Southern District of Texas:

(1) fees paid to court reporters and records services for service of subpoenas, $1,224.20;

(2) fees paid for transcripts, $4,237.45;

(3) fees paid for Amy Leblanc's attendance as a witness at trial, $ 2,854.18;

(4) fees paid for copying documents necessarily used in the case, $267.15; and

(5) fees for trial demonstratives, $108.25.

In total, FEI seeks costs in the amount of $8,691.23. On July 23, 2012, Jerry filed his objections to FEI's bill of costs.[1] Dkt. 106. FEI responded to Jerry's objections on July 27, 2012, and Jerry replied on July 30. Dkts. 107, 108. The objections are ripe for consideration.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that an award of costs ordinarily "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Indeed, the Fifth Circuit presumes courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

Title 28 U.S.C. § 1920 ("Section 1920") identifies the recoverable costs:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may decline to award the costs listed in the statute but may not award costs omitted from the list, "'absent explicit statutory or contractual authorization to the contrary.'"

---

[1] Local Rule 54.2 provides that an application for costs must be filed within fourteen days of entry of final judgment. S.D. TEX. L.R. 54.2. Any objections to the allowance of the bill must be filed within seven days of the bill's filing. *Id.* FEI filed its bill of costs six days after entry of final judgment, and Jerry filed his objections seven days later. Accordingly, the bill of costs and the objections thereto were timely filed.

*Cook Children's Med. Ctr. v. New England PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494 (1987)).

Before the court taxes costs, the prevailing party shall attach an affidavit that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924. If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). But once an objection is raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent for the convenience of counsel. *See Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

**B. Application of Law to Facts**

    *1.    Fees for Service of Subpoenas*

FEI's bill of costs seeks $1,224.20 in fees for service of document subpoenas by private process servers. Dkt. 105 at 1, 3. Jerry objects to these costs, arguing that the Fifth Circuit does not permit recovery of the costs of service by a private process server. Dkt. 106 at 1 (citing *Cypress-Fairbanks I.S.D. v. Michael F. by Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997)). FEI acknowledges that the full costs of private service are not recoverable, but FEI requests that the court tax costs "'to the extent that the costs incurred do not exceed the costs that would have been incurred had the United States Marshal effected service.'" Dkt. 107 at 1 (quoting *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011) (Lake, J.)). In his reply, Jerry states that he has no objection to taxing costs based on the Marshal's fees for service by mail. Dkt. 108 at 1. FEI seeks

3

to tax the costs for service of eight subpoenas, and the Marshals Service charges $8 per service item mailed. 28 C.F.R. § 0.114(a)(2). Thus, the court sustains Jerry's objection to FEI's request for the full service costs, and the court taxes costs of $64 for the service of subpoenas.

      2.      *Fees for Printed or Electronically Recorded Transcripts & Copies*

Prevailing parties may also recover the costs of deposition transcripts and copies, provided that they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4); *Fogleman*, 920 F.2d at 285. FEI seeks $4,124.60 for fees related to seven deposition transcripts and $112.85 for fees related to transcripts from a pretrial hearing and the plaintiff's trial opening. Dkt. 105 at 1, 3–4. Jerry objects to the fees for deposition transcripts of FEI's witnesses on two grounds. Dkt. 106 at 2–4. First, Jerry contends that costs for exhibit copies, synchronized video, and expedited delivery are not taxable under 28 U.S.C. § 1920(2). *Id.* at 2. Second, Jerry argues that FEI has not demonstrated that certain transcript costs were "necessarily obtained for use in the case." *Id.* (quoting 28 U.S.C. § 1920(2)).

"Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285–86. And while the actual use of a deposition in the case or in pretrial proceedings satisfies the statutory requirement that it be necessary, the analysis does not end there. *Baisden*, 793 F. Supp. 2d at 976. The ultimate test is whether, at the time the deposition is taken, there is a reasonable expectation that the transcript may be used for trial preparation. *Fogleman*, 920 F.2d at 285. If so, it may be included in costs. *Id.*

First, as to the transcript expenses for Fred Kindervater, Roger Daniel, Malcolm Werner, and Valerie Jerry, the plaintiff argues that these expenses are not taxable because these were witnesses who testified on behalf of the defendant at trial. Dkt. 106 at 3. However, Jerry cited to each of these

4

depositions in his response to FEI's summary judgment briefing. Dkt. 44 at 3, 20; *Baisden*, 793 F. Supp. 2d at 976. The court overrules Jerry's objections to the costs for these witness transcripts because FEI reasonably anticipated that these depositions would be used for trial preparation.

Second, Jerry objects to the costs for exhibit copies, citing *Mota v. University of Texas Health Science Center*, 261 F.3d 512, 529–30 (5th Cir. 2001). *See* Dkt. 106 at 2. But the *Mota* court did not reject an award of costs for exhibit copies, and section 1920(4) explicitly permits recovery of costs for copies when they "are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, FEI seeks costs for copies of exhibits from the depositions of Balram and Valerie Jerry that were reasonably anticipated for trial preparation, as demonstrated by plaintiff's citation to the depositions of Balram and Valerie Jerry in his response to FEI's motion for summary judgment. Dkt. 44 at 14. The court overrules Jerry's objection to costs for copies of exhibits from the Jerrys' depositions.

Third, Jerry objects to an award of costs related to transcript, videography, and rush fees for the deposition of Amy LeBlanc. Dkt. 106 at 2–3. FEI responds that these fees were reasonable because LeBlanc was outside the court's subpoena range and may have been unavailable for trial. Dkt. 107 at 4. FEI defends the expedited transcript fees by arguing that her deposition was taken only one month before the original trial date, and her transcript would have been necessary if she did not attend trial. *Id.* at 2–3. Lastly, FEI argues that the videotaped deposition costs are recoverable under the amended version of section 1920(2), citing *Baisden*, 793 F. Supp. 2d at 976. *Id.* at 2.

For any of the costs relating to LeBlanc's deposition to be recoverable, the court must first find that her deposition was "reasonably ... expected to be used for trial preparation." *Fogleman*, 920 F.2d at 285. Based on FEI's arguments, the court cannot make this finding. While LeBlanc was outside the court's subpoena range at the time of trial, she was a witness within FEI's employ and/or

control. As FEI has not demonstrated any other justification for taking LeBlanc's deposition, FEI has not met its burden to show that LeBlanc's deposition was *necessarily* obtained for use in the case. The court sustains Jerry's objection to the taxation of costs related to transcript and other fees for LeBlanc's deposition and overrules Jerry's other objections to costs for transcript and copy fees. The court taxes costs in the amount of $3631.50 for "printed or electronically recorded transcripts" and copies "necessarily obtained for use in the case." § 1920(2), (4).[2]

> 3. *Fees for Witnesses*

The prevailing party may recover witness fees as taxable costs under 28 U.S.C. § 1920(3), subject to the limitations of 28 U.S.C. § 1821. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) (explaining that § 1920(3) "must be read in conjunction with section 1821 which, in effect, defines the taxable fees and disbursements associated with witnesses. Section 1821 includes expenses associated with a witness' travel and lodging."); *see also Crawford*, 482 U.S. at 445 ("We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."). The relevant portions of § 1821 provide:

(c)(1)  A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

---

[2] The court arrives at this amount as follows: $3631.50 equals the sum of (1) transcript and associated fees requested by FEI in part C of its itemized costs, excluding LeBlanc's transcript fees that are not recoverable ($3251.50); plus (2) the hearing and trial transcript fees requested by FEI in part D of its itemized costs, to which Jerry did not object ($112.85); plus (3) fees for copies of other documents used in trying the case, to which Jerry did not object ($267.15). Dkt. 105 at 3–5.

    (2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

    (3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

...

  (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

    (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

    The Fifth Circuit has held that a district court may not award subsistence costs exceeding the per diem amount authorized by § 1821(d)(2). *United Teachers Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 575 (5th Cir. 2005).

    Here, FEI seeks $2854.18 in costs related to Amy LeBlanc's appearance at trial. These costs consist of (1) mileage for two car trips between LeBlanc's home in Indiana to Chicago Midway International Airport ("Midway"); (2) airfare for two airplane trips between Midway and Houston's William P. Hobby International Airport ("Hobby"); (3) transportation fees for the car trips between Hobby and the Hyatt Regency in downtown Houston (the "Hyatt"); and (4) six days of subsistence at a per diem rate of $180. Dkt. 105 at 2. Jerry objects to these costs on two grounds: (1) LeBlanc appeared only for FEI's convenience because FEI could have used her videotaped deposition at trial; and (2) if her appearance at trial is deemed reasonable, then her expenses should be reduced because

7

she stayed for an unnecessary length of time and her second trip to Chicago and back to Houston was unnecessary. The court addresses these objections in turn.

First, the court overrules Jerry's objection that FEI should have used LeBlanc's videotaped deposition at trial. The court has already ruled that LeBlanc's deposition was not taxable under § 1920(2), agreeing with Jerry that a videotaped deposition was unnecessary for a witness under FEI's control. But Jerry cannot have it both ways. FEI is entitled, as the prevailing party, to recover the statutorily enumerated witness expenses, and the court finds that FEI may recover certain expenses related to the appearance of Amy LeBlanc.

Regarding LeBlanc's particular expenses, Jerry objects to the costs for LeBlanc's presence at trial for six days and trip back to Indiana after the first week of trial. Dkt. 106 at 5–6. FEI responds that LeBlanc's presence in Houston for six days was required because of counsel's vagueness on when LeBlanc would be called as a witness, and the trip to Indiana mid-trial was a courtesy to give her time at home rather than spending the weekend in Houston. Dkt. 107 at 4–5.

After reviewing the parties' submissions, the court finds that FEI could reasonably have anticipated that LeBlanc would be called on Wednesday or Thursday of the first week of trial. *See* Dkt. 107, Ex. A at 1 (email from plaintiff's counsel to defense counsel estimating that LeBlanc would be called on Wednesday or Thursday of the first week of trial). The delay of her testimony was due to FEI's desire to have Roger Daniel called out of order on Thursday, June 21 to allow him to take a scheduled vacation the following week. The court is thus persuaded that FEI should recover the following costs: (1) one round-trip ticket between Midway and Hobby at the most

economical rate reasonably available, $757.90,[3] (2) mileage to and from Midway for LeBlanc's first trip to Hobby, $21.09,[4] (3) cab fare for the trips between Hobby and the Hyatt, $50; and (4) subsistence of three days of meals and incidental expenses and 2 nights of lodging, as FEI is entitled to one day for witness preparation and the two days on which LeBlanc was reasonably expected to testify, $395.50.[5] Accordingly, the court sustains Jerry's objection to the witness fees in part, and FEI shall recover $1224.49 in witness fees related to LeBlanc's appearance at trial.

4. *Other Costs*

Lastly, FEI seeks $108.25 for "other costs," i.e., fees for "Blowup Boards" used as trial demonstratives. Dkt. 105 at 1, 5, 55. Jerry objects to an award of these costs on grounds that there is no statutory basis for taxing the costs of demonstratives under 28 U.S.C. § 1920. Dkt. 106 at 6. Indeed, the Fifth Circuit has held that there is no statutory authorization to tax charts and exhibits as costs. *Johns-Manville Corp. v. Cement Asbestos Prods. Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970).

---

[3] The court recognizes the confusion in the record regarding the actual expenses of LeBlanc's first trip to Hobby and return to Midway on Friday, June 22, 2012. *See* Dkt. 105 at 28–29. However, the court finds that a $757.90 fee for a roundtrip ticket on the common carrier Southwest Airlines is reasonable under these circumstances.

[4] This figure is calculated as follows: LeBlanc claims that she traveled 38 miles to and from Midway. Dkt. 105 at 4. Under § 1821(c)(2), she is entitled to a travel allowance equal to "the mileage allowance which the Administrator of General Services has prescribed . . . for official travel of employees of the Federal Government . . . ." At the time of trial, the General Services Administration ("GSA") prescribed a mileage reimbursement rate of $0.555 per mile for travel in privately owned vehicles. *See* 41 C.F.R. § 301-10.303 (referring to the GSA's mileage website at http://www.gsa.gov/mileage showing 2012 mileage reimbursement rates as of April 17, 2012); Privately Owned Vehicle Mileage Reimbursement Rates, 77 Fed. Reg. 22,786-22,787 (General Services Administration Apr. 17, 2012). At this rate, FEI is entitled to the product of 38 and $.555, which is $21.09.

[5] This figure is calculated as follows: June 19—$109.00 for lodging and $53.25 for meals and incidental expenses; June 20—$109.00 for lodging and $71.00 for meals and incidental expenses; & June 21—$53.25 for meals and incidental expenses. *See* 41 C.F.R. § 301–11.6 (referring to GSA's website at http://www.gsa.gov/perdiem showing 2012 per diem rates for Houston, Texas, as $109.00 per night for lodging and $71.00 for meals and incidental expenses, and $53.25 for meals and incidental expenses on the first and last day of travel (*see* http://www.gsa.gov/portal/content/101518)).

Accordingly, because FEI has not demonstrated any authorization for this court to tax the costs of demonstratives, the court sustains Jerry's objection to these costs.

### III. CONCLUSION

For the foregoing reasons, Jerry's objections to FEI's bill of costs (Dkt. 106) are SUSTAINED IN PART & OVERRULED IN PART.  The Clerk is hereby ORDERED to tax costs in the amount of **$4,919.99** against plaintiff Balram Jerry and in favor of FEI, the prevailing party. This amount is the sum of the following recoverable costs:

(1) fees for service of subpoenas, § 1920(1)—$64.00;

(2) fees for transcripts and document copies, § 1920(2), (4)—$3631.50; and

(3) fees for witness expenses, § 1920(3)—$1224.49.

It is so ORDERED.

SIGNED at Houston, Texas on October 2, 2012.

_____
Gray H. Miller
United States District Judge